**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 09-2688-TUC-FRZ (GEE) |
| Plaintiff, | **ORDER** Re: Motion to Disclose *Henthorn* Material |
| vs. | |
| Raul Origel, Jr.; Francisco Rios, | |
| Defendants. | |

The District Court referred this case to the Magistrate Judge for consideration of pretrial motions.

Pending before the court is a motion filed by the defendant, Raul Origel, Jr., for disclosure of *Henthorn* material. [doc. # 30] The motion is joined by the defendant, Francisco Rios. [doc. # 32] The motion will be denied, but the defendants may seek the same material by subpoena.

### **CHARGES:**

The indictment charges Origel with (1) conspiracy to possess with intent to distribute approximately 126.75 kilograms of marijuana pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and (2) possession with intent to distribute approximately 126.75 kilograms of marijuana pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).

*Facts*:

In November of 2009, Santa Cruz County Metro Task Force Agent Nicholas Acevedo and others were investigating a suspected drug stash house in Rio Rico. [doc. # 33] On November 3, 2009, Acevedo observed a 1981 Ford pickup arrive at the stash house towing a trailer. *Id*. The next morning, the pickup and trailer left the stash house and made a stop at the Pilot gasoline station east of I-19 at kilometer 12. *Id*. The pickup then proceeded north on I-19. *Id*. Acevedo contacted Sheriff's Deputy Alex Gonzales and instructed him to "just develop a PC." *Id*.

Gonzales conducted a traffic stop of the pickup based on his observation and belief that the trailer's license plate was improperly mounted and the pickup did not have mud flaps as required by Arizona law. *Id*. Gonzales made contact with the passengers of the vehicle, Origel and Francisco Rios. *Id*. Origel had outstanding arrest warrants and was taken into custody. *Id*. Gonzales summoned a narcotics detection canine, which alerted to the presence of narcotics in the trailer. *Id*. Agents discovered several bales of marijuana concealed in the load of cinder blocks arranged on the trailer. *Id*.

On February 18, 2010, Origel filed a motion to suppress arguing the traffic stop violated his Fourth Amendment right to be free from unreasonable searches and seizures. A hearing on the motion has not yet been set.

On February 18, 2010, Origel filed the instant motion for disclosure of *Henthorn* material. [doc. # 30] The motion is joined by the defendant, Francisco Rios. [doc. # 32]

On April 5, 2010, the court conducted a hearing on all outstanding pretrial motions. The court took the *Henthorn* motion under consideration and ordered supplemental briefing on whether the defendant could obtain the same documents by subpoena pursuant to Fed.R.Crim.P 17. For the purposes of Fed.R.Crim.P. 59(a), the court assumes the defendant has requested a subpoena and the government has moved to quash pursuant to Rule 17(c)(2).

//

//

*Discussion*

On February 18, 2010, Origel filed a motion for disclosure of *Henthorn* material. [doc. # 30]; *see U. S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Specifically, Origel asks the government to review the personnel file for each of its law enforcement witnesses and disclose any "impeaching material information." The government objects to the request as it relates to law enforcement witnesses employed by the state (or county) rather than the federal government. The government argues these materials are not under its control and it therefore has no obligation to disclose them. The government is correct.

Pursuant to *Brady*, the government has an obligation to disclose upon request evidence material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The *Brady* rule applies with equal force to information useful for impeachment purposes. *Giglio v. U.S.*, 405 U.S. 150, 154 (1972). In *Henthorn*, the Ninth Circuit held that the government has a duty upon request to examine the personnel files of its law enforcement witnesses and disclose information material to witness credibility. *U.S. v. Henthorn*, 931 F. 2d 29, 31 (1991).

The government's duty to examine its witnesses' personnel files, however, does not extend to state law enforcement witnesses because the government's duty to disclose does not extend to material not under its control. *U.S. v. Dominguez-Villa*, 954 F.2d 562, 565-66 (9th Cir. 1992).

In this case, the personnel records for the state law enforcement officers are not under the control of the federal prosecutor. The government therefore has no duty under *Henthorn* to examine those records. *U.S. v. Dominguez-Villa*, 954 F.2d 562, 565-66 (9th Cir. 1992).

At the motion hearing, the parties discussed whether the defendant could obtain the same personnel files by subpoena pursuant to Fed.R.Crim.P. 17(c). The court requested supplemental briefing, which the parties have provided.

Federal Rule of Criminal Procedure 17(c) provides a mechanism by which criminal defendants may order a witness "to produce any books, papers, documents, data, or other objects the subpoena designates." A motion to quash may be granted if the moving party can show the subpoena is "unreasonable or oppressive." Fed.R.Crim.P. 17(c)(2).

The government first argues the defendant cannot use Rule 17 to obtain the personnel records because Rule 17 was "not intended to provide an additional means of discovery for criminal cases" citing *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 220 (1951). The court does not agree. In *Bowman Dairy*, the defendant sought to use Rule 17 to obtain more discovery from the government than is allowed under Rule 16, which is the primary means by which the defendant obtains discovery from the government. The Court found that an expansive interpretation of Rule 17 could be inconsistent with Rule 16's specific limitations on discovery from the government. Here, however, the defendant seeks to use Rule 17 to obtain documents from a third party. Accordingly, the concerns raised in *Bowman Dairy* do not apply.

Assuming a subpoena were issued, it could be quashed if it were "unreasonable or oppressive." Fed.R.Crim.P. 17(c)(2). The court, however, finds that it would not be so.

The defendant seeks from the state (or perhaps the county) the same material the federal government is required to provide as a matter of course. Accordingly, the court does not view the defendant's incipient subpoena to be either "unreasonable" or "oppressive."

Neither does the court believe such a subpoena would be so vague and lacking in specificity that it could be fairly described as a "blind fishing expedition." *See U.S. v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981). It is instructive to examine a similar case: *U.S. v. MacKey*. *Id*. In that case, which was a prosecution for illegal price-fixing, the government subpoenaed the defendant's diary and calendar hoping to find evidence that the defendant meet with competitors and engaged in discussions forbidden by the Sherman Act. *Id*. The Ninth Circuit found the subpoenaed material relevant despite the government's failure to explain specifically what it would find. *Id*. The court explained: "Because the government has not yet seen the documents, it would be unreasonable to expect a more detailed connection be provided between the contents of the documents and the ultimate facts at issue in the case." *Id*.

In this case, the defendant's subpoena requests a specific file (the witnesses' personnel file) for a specific purpose (impeachment). This is enough. Accordingly,

- 4 -

IT IS ORDERED that the defendant's motion for disclosure of *Henthorn* material filed on February 18, 2010, is DENIED. [docs. # 30, 32]

IT IS FURTHER ORDERED that the government's motion to quash, advanced at the motion hearing of April 5, 2010, is DENIED. If the government were to obtain the personnel files and perform a *Henthorn* review itself, it might then challenge the subpoenas as cumulative or redundant. It is, however, not legally obliged to perform such a review.

DATED this 20th day of April, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge